CARAWAY, J.,
concurring in part and dissenting in part.
|,1 concur in the dismissal of plaintiffs claim against Sheriff Sexton. There was no cause of action stated in the meager allegations of the involvement of the Sheriffs office in this matter.
Regarding the claim against the DOC, I respectfully dissent in the reversal of the trial court’s ruling on prescription. The majority’s ruling rests upon the third situation where the doctrine of contra non valentem has been applied — “where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action.” This situation did not occur in this case.
The probation officer’s negligent action toward plaintiff was his directive for her to register 'as a sex offender. At the time of that negligent directive, no cause of action in tort existed as the plaintiff had not yet been harmed. The officer’s directive was not a deliberate act to conceal from plaintiff any existing claim in tort and to lull' her into not filing suit against the DOC.' The probation officer’s erroneous conclusion about registration was only the initial act in an incomplete tort, placing plaintiff in the difficult position of controlling the infliction of the harm upon herself by either (1) provoking a probation revocation hearing with judicial involvement under La.C.Cr.P. art. 899, risking the possibility of her arrest and temporary imprisonment, or (2) registering as a sex offender. In any event, she fully understood the impending harm and was not misled and thwarted by the DOC’s action from availing herself of her cause of action after her damaging registration occurred.
The trial court properly framed the inquiry under the discovery rule of contra non valentem. The discovery rule situation is where the cause of action is not known by the plaintiff or reasonably knowable. As indicated above, plaintiff was damaged and her alleged cause of action in tort was completed when she first filed as a sex offender in 2008. Since the petition reveals that over one year elapsed between the time of the probation officer’s action in 2008 and the filing of suit in 2011, the plaintiff was required to prove under the discovery rule that her claim was not known to her or reasonably knowable.
The evidence of plaintiffs knowledge was produced by both parties only through her deposition. While she was present at the time of the hearing on the exception of prescription, plaintiff did not testify. Nevertheless, the manifest error standard of review applies to the trial court’s consideration of the plaintiffs deposition testimony. The findings of fact of her knowledge of the negligent action of the probation officer and the damage she suffered by the sex offender registration were not in dispute. In a case where the damage to the victim was protested from the start in 2008, plaintiffs knowledge of that injury which prompted the protest requires that her cause of action be timely asserted.
GARRETT, J.,
concurring in part and dissenting in part.
I concur in the dismissal of plaintiffs claim against Sheriff Sexton. I respectfully dissent from the reversal of the ruling below as to the State of Louisiana, Department of Public Safety and Corrections.
The callous indifference exhibited by the probation officer in 2008 to the assertions made by the plaintiff and an attorney that the plaintiff was not a sex offender is appalling. However, this record is clear that all of the events which gave rise to the plaintiffs cause of action and caused her damage occurred more than one year prior to the filing of the suit. The plaintiff did *23 not urge below the law now relied upon by the majority to reverse the lower court.
In the ease relied upon by the majority, Nathan v. Carter, supra, the plaintiffs specifically alleged in their petition that the doctrine of contra non valentem applied because the fraudulent conduct on the part of the defendants prevented .the plaintiffs from timely instituting the lawsuit. There are no such allegations in this case. Further, the Louisiana Supreme Court did not hold that the plaintiffs’ suit was timely. The matter was remanded and the prescription issue was referred to the merits of the case.
In the instant case, the lower court’s reasons for ruling were as follows:
... the main inquiry for the Court is what knowledge did Ms. Prevo have and’ when. In her deposition she admitted that she knew or thought that — at least thought she shouldn’t have to register in 0-8. Absent the application of the doctrine of [contra non valentem ], it’s prescribed. For the first time this morning I hear some argument about the fact she only had an eighth or ninth grade education. Well, I simply don’t have enough evidence in front of me to find that 1;¿contra non valentem ] would apply in this case. And for that reason, the — I think the case has prescribed.
The burden of proof was upon the plaintiff. As noted by the trial court, the evidence was simply insufficient to support a ruling that contra non valentem. would apply here. The majority opinion has improperly reweighed the evidence to reach conclusions that are contrary to those made by the lower court.
On the record before us, I respectfully conclude that the ruling made below must be affirmed.